UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
Arthur Weill

                              Plaintiff,

-against-

Eastern Account System of Connecticut, Inc.

                              Defendant.
-------------------------------------------------------------------------

CLASS ACTION COMPLAINT

'10 CIV 01354

JUDGE ROBINSON

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.    This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.    This Court has Federal question jurisdiction under 28 U.S.C. §1331.

3.    Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4.    Plaintiff is a resident of the State of New York who resides in Monroe New York.

5.    Plaintiff is a "Consumer" as that term is defined by §1692(a)(3) of the FDCPA in

1

that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant is an active Connecticut business, which caused the collection letter complained of herein to be sent within the State of New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is a "Debt Collector" as that term is defined by §1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, in the form of an initial written notice, on or about February 8, 2010, regarding an alleged debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, addressed to a residence within the State of New York, but outside of the City of New York, which violated the FDCPA by implying that the plaintiff was licensed by the State of New York. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and specifically 1692e(1).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiff. Attached, as Exhibit A is a redacted copy of the collection letter received by the plaintiff.

21. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Defendant violated §1692e by using false and deceptive means in connection with the collection of the debt, and by engaging in unfair and improper practices through its implication that it was licensed by the State of New York when in fact it was not so licensed

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

4

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
February 18, 2010

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

Exhibit A

P.O. Box 837
Newtown, CT 06470
Change Service Requested

EASTERN ACCOUNT SYSTEM
OF CONNECTICUT, INC.
New York License #1244261

P.O. Box 837
Newtown, CT 06470
(800) 750-6343
Fax (203) 426-9630

February 8, 2010

PERSONAL & CONFIDENTIAL
#BWNLPGJ
#▮▮▮▮▮▮▮▮▮▮▮▮▮#

Weill, Arthur          24056873

### ACCOUNT IDENTIFICATION

EAS Account Number: 24056873
Creditor #: 398147
Creditor: University Pathology Pc 4
Balance Due          : $▮▮▮

## * * * FIRST NOTICE * * *

Your account has been placed with this office for collection. To avoid further collection activity, pay it in full. If you can not pay it in full or have a problem, contact our office.

### * * IMPORTANT * *

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained from you or anyone else will be used for that purpose. This communication has been sent by a debt collector.

Office hours are 9am to 5pm EST, Monday - Friday.

------Detach and Return with Payment------
Enter the requested information in the spaces provided below:

Change of Address:

For: Arthur Weill

Street Address: _____

City, State, Zip: _____

Telephone: _____

Creditor #: 398147
Creditor: University Pathology Pc 4
Notice Date: February 8, 2010
EAS Account Number: 24056873
Balance Due: $240.00

Amount Enclosed: $_____

Eastern Account System of Connecticut, Inc.
P.O. Box 837
Newtown, CT 06470-0837

Enclosing this notice with your payment will expedite credit to your account.

FIRST 002235P 1 040 000672 39 065427 S-CRE